# UNITED STATES DISTRICT COURT

    Eastern    District of    Pennsylvania

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br><br>AUSTIN AYERS WINTHER | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: DPAE2:11CR000212-001<br>USM Number: 67034-066<br><br>Paul Hetznecker, Esquire<br>Defendant's Attorney |

**THE DEFENDANT:**

x pleaded guilty to count(s)   1, 3, 4, 5 and 6 of the Indictment

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §2422(a) | Attempting to entice a minor to engage in interstate travel for purposes of illegal sexual activity | 10/22/2010 | 1 |
| 18 U.S.C. §1470 | Attempting to transfer obscene material to a minor | 11/3/2010 | 3,4,5,6 |

The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

x Count(s)  2  x is  ☐ are  dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 13, 2012
Date of Imposition of Judgment

_/s/ Jan E. DuBois_
Signature of Judge

Jan E. DuBois, U.S.D.J.
Name and Title of Judge

April 13, 2012
Date

DEFENDANT: AUSTIN AYERS WINTHER
CASE NUMBER: DPAE2:11CR000212-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Eighty-eight (88) months on each of Counts 1,3,4,5 and 6 of the Indictment, such terms to be served concurrently.

X    The court makes the following recommendations to the Bureau of Prisons:
That defendant be designated to an institution in close proximity to Philadelphia, Pennsylvania, where his family resides, and at which he can receive mental health treatment as a sex offender.

X    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

     ☐ a _____ ☐ a.m. ☐ p.m. on _____ .

     ☐ as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐ before 2 p.m. _____ .

     ☐ as notified by the United States Marshal.

     ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:        AUSTIN AYERS WINTHER
CASE NUMBER:      DPAE2:11CR000212-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Ten (10) years on each of Counts 1,3,4,5 and 6 of the Indictment, such terms to be served concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: AUSTIN AYERS WINTHER
CASE NUMBER: DPAE2:11CR000212-001

# ADDITIONAL SUPERVISED RELEASE TERMS

1. Defendant shall pay any portion of his special assessment remaining unpaid at the commencement of supervised release in monthly installments of not less than $ 50.00;

2. Defendant shall not incur new credit charges or open additional lines of credit without the prior approval of the United States Probation Office until his special assessment is paid-in-full;

3. Defendant shall provide the United States Probation Office with access to any requested personal and/or business financial documents and other financial documents;

4. Defendant shall notify the United States Probation Office of any assets received after imposition of this Order, and shall not disperse his interest in any such assets including, but not limited to, income tax refunds, inheritance, insurance and lawsuit settlements, or gambling winnings, without the prior approval of the United States Probation Office;

5. Defendant shall participate in a mental health treatment program or programs for sex offenders at the direction of the United States Probation Office, and shall remain in the program or programs until satisfactorily discharged with the approval of the United States Probation Office and the Court. The programs may include, but are not limited to, cognitive/behavioral treatment for sexual deviancy conducted by a qualified mental health professional experienced in treating and managing sexual offenders. While in any such program, defendant shall follow all of the rules of the program, and shall submit to risk assessment, psychological and physiological testing which may include, but is not limited to, polygraph or other specific tests to monitor compliance with supervised release and treatment conditions, at the direction of the United States Probation Office and treatment staff at the sex offender program;

6. Defendant shall provide the United States Probation Office with access to all computers used by defendant, and all computer-related devices, programs or applications on all such computers, for examination and shall permit the installation of any hardware or software systems which monitor or filter computer use;

7. Defendant shall abide by the standard conditions of computer monitoring and filtering approved by the Court. Defendant shall pay the cost of computer monitoring not to exceed the monthly contractual rate. A copy of the Computer Monitoring Standard Conditions signed by defendant and approved by the Court is attached to the Judgment and Commitment Order;

8. Defendant shall not use a computer to access any material involving child pornography, including pedophilia materials of all types, or depictions or descriptions of minors engaged in sexually explicit conduct;

9. Any unsupervised contact with minors under the age of 18 by defendant must be approved in advance by the United States Probation Office;

10. Defendant may not engage in any form of communication with minors, direct or indirect, such as letter writing, telephone or computer conversations, without the prior approval of the United States Probation Office. These restrictions are to be interpreted reasonably and do not apply to incidental contact the defendant may have with a minor in public;

11. Defendant shall not obtain employment or perform volunteer work which includes, as part of his job/work description, any contact with minor children under the age of 18. With respect to this condition of supervised release, the Court finds that (a) a reasonably direct relationship exists between defendant's occupation, business, profession or hobby, and the conduct relevant to the offense of conviction; (b) imposition of such restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which defendant was convicted; and, (c) that the time frame and structure of this condition is for the minimal time frame and to the minimum extent necessary to protect the public; and,

12. Defendant shall register with the State Sex Offender Registration Agency in any State in which defendant resides, is employed, carries on a vocation, or is a student, as directed by the United States Probation Office.

DEFENDANT: AUSTIN AYERS WINTHER
CASE NUMBER: DPAE2:11CR000212-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Fine | Restitution |
|--------|------------|------|-------------|
| TOTALS | $ 500.00   | $    | $           |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
|                   |                 |                         |                            |

| TOTALS | $ | $ |
|--------|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   the interest requirement is waived for the     ☐ fine    ☐ restitution.

   ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

DEFENDANT: AUSTIN AYERS WINTHER
CASE NUMBER: DPAE2:11CR000212-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

B ☐ Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F X Special instructions regarding the payment of criminal monetary penalties:

    The Court finds that defendant has insufficient assets, income and income earning potential to warrant imposition of a fine. Accordingly, a fine is waived in this case. Defendant shall pay a special assessment of $500.00 to the United States of America which shall be due immediately. The Court recommends that, while in custody, defendant pay his special assessment pursuant to the Bureau of Prisons Inmate Financial Responsibility Program provided, however, that defendant shall pay the special assessment in quarterly installments of not less than $25.00 out his prison earnings, unless his prison earnings are less than $25.00 a quarter, in which event, the quarterly installment shall be the amount of his prison earnings.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

    Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Pennsylvania

## **COMPUTER MONITORING STANDARD CONDITIONS**

1. I, <u>Austin Ayers Winther</u> have been ordered to have my computer use monitored/filtered as a condition of supervision. I agree to comply with all program rules set forth in this agreement, and the instructions of the probation officer. I understand that this agreement is, by reference, part of the order setting conditions for my supervision and that failure to comply with its provisions or the instructions of my officer will be considered a violation of my supervision and may result in an adverse action.

2. I agree to call my officer immediately if I have any questions about these rules or if I experience any problems that may hinder my compliance with this program.

3. I understand that my officer will use telephone calls and unannounced personal visits to monitor my compliance. When at home, I agree to promptly answer my telephone or door.

4. I understand that I may only use one computer in my home. This computer must have a Windows or DOS operating system. I further understand that I am solely responsible for the content, programs, and data that may be stored on the computer. Prohibited are any wireless devices, including hand-held computers and cellular telephones that can transmit images or files.

5. My supervising officer may install software designed to monitor or filter computer activities on any home computer I am authorized to use. Prior to the installation of computer monitoring or filtering software, the computer drives will undergo an initial inspection. I understand that the software may record any and all activity on my computer, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, and chat conversations. I further understand that a notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software on my computer. I agree not to attempt to remove, tamper with, reverse engineer, or in any way circumvent the software.

6. I will not use any software program or device designed to hide, alter, or delete records/logs of my computer use, Internet activities, or the files stored on my assigned computer. This includes the use of encryption, stenography, and cache/cookie removal software.

7. I will not install new hardware or effect repairs on my computer system without receiving

prior permission from my supervising officer.

8. I understand that my supervising officer may use measures to assist in monitoring compliance with these conditions, such as placing tamper-resistant tape over unused ports and to seal my computer case.

9. I will disclose all online accounts, including user-names and passwords, to my supervising officer upon request. I will also provide telephone/Internet service provider billing records upon demand, as well as proof of the disconnection or termination of such services. I agree to execute a release form to allow the U.S. Probation Office to access account information directly from the Internet Service Provider.

10. I will not create or assist directly or indirectly in the creation of any electronic bulletin board, ISP, or any other public or private network without the prior written consent of the U.S. Probation Office.

11. If password protection is required on my system, application, or files used by the offender, such passwords will be provided upon request of the U.S. Probation Office.

12. I consent to allow for the examination of any internal or external storage media, including hard disks, zip disks, floppy diskettes, CD ROMs, optical disks, magnetic tapes, or any other storage media.

(Signed) _____ 4/13/12
(Defendant)             (Date)

_____ 4/13/12
U.S. Probation Officer/Designated Witness     (Date)

*Approved:*

_____ 4/13/12
U.S. District Judge    Date

[09/04]                                    Page 2 of 2

4-16-12 CC:
S. STEPHAN, AUSA
P. HETZNECKER, OD
USM
Probation
Pretrial

FLU
J. ZING.
ST CLAIR